**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs

| | |
|---|---|
| Jose Vasquez and Fernando Martinez, | |
| Plaintiffs, | DOCKET NO. 18-cv-10219 |
| - vs. - | **COMPLAINT** |
| NS Luxury Limousine Service, Ltd., JC Transportation Inc., and Phelix Ceballos, | |
| Defendants. | |

Plaintiffs Jose Vasquez and Fernando Martinez, by and through their undersigned attorneys, for their complaint against defendants NS Luxury Limousine Service, Ltd., JC Transportation Inc., and Phelix Ceballos, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs Jose Vasquez and Fernando Martinez allege that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated

damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiffs are adult individuals residing in the Bronx, New York.

4. Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5. Upon information and belief, defendant NS Luxury Limousine Service, Ltd. ("NS Luxury") is a New York corporation with a principal place of business at 6A Fero Street, Yonkers, New York.

6. Upon information and belief, defendant JC Transportation Inc. is a New York corporation with a principal place of business at 6A Fero Street, Yonkers, New York.

7. At relevant times, defendants NS Luxury and JC Transportation (collectively, the "Car Services") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Upon information and belief, defendant JC Transportation Inc. is a successor corporation to defendant NS Luxury.

9. Upon information and belief, there is a substantial continuity of ownership, workforce, assets, and business between NS Luxury and JC Transportation.

10. Upon information and belief, at all relevant times, the Car Services have had gross annual revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, the Car Services have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

12. At relevant times, the Car Services shared common ownership and management, common offices and personnel, and operated for a common business purpose.

13. Upon information and belief, at all relevant times, the Car Services have constituted a single "enterprise" as defined in the FLSA.

14. Upon information and belief, defendant Phelix Ceballos is an owner or part owner and principal of the Car Services, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. Defendant Phelix Ceballos was involved in the day-to-day operations of the Car Services, and played an active role in managing the businesses.

16. For example, defendant Phelix Cebllos personally hired plaintiffs and set their schedules and pay.

17. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' businesses are located in this district.

**FACTS**

20. At all relevant times herein, defendants owned and operated a car service that provided services primarily in Manhattan.

21. Mr. Vasquez was employed by defendants from approximately September 2014 through August 2018.

22. Mr. Martinez was employed by defendants from approximately May 2016 through April 2018.

23. Plaintiffs were employed as drivers.

24. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. For the first year of each plaintiff's employment, they performed the routine duties of car service drivers, picking up customers in defendants' limousines and taking them on short, discrete trips.

27. However, after the first year of employment for each plaintiff, the nature of their work changed and they no longer picked up individual customers for pre-arranged rides.

28. Each plaintiff was instead permanently assigned to one client, and each plaintiff effectively became a full-time chauffeur for his respective client and the client's family.

29. Rather than driving one of defendants' cars, each plaintiff drove his respective client's car, and each plaintiff worked a regular schedule, being on duty for his client throughout the day, Monday through Friday.

30. Mr. Vasquez's regular schedule repeatedly increased in length. From roughly September 2015 through December 2015, Mr. Vasquez worked a schedule of approximately 42 hours per week. Then, from about January 2016 through June 2016, he worked a schedule of approximately 52 hours per week. Finally, from about July 2016 through the end of his employment, he worked a regular schedule of 60 hours per week.

31. Mr. Martinez worked a regular schedule of 60 hours per week from approximately July 2017 until April 2018.

32. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

33. Plaintiffs were paid on a salary basis throughout the periods of their employment in which they worked as chauffeurs.

34. When Mr. Vasquez's chauffeur assignment began, he was paid $1,000 per week; he received a raise to $1,100 per week in roughly January 2016.

35. Mr. Martinez was paid $1,000 per week throughout his chauffeur assignment.

36. These rates did not vary based on the exact number of hours plaintiffs worked in a given week.

37. Defendants failed to pay Mr. Vasquez or Mr. Martinez an overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants' failure to pay Mr. Vasquez or Mr. Martinez the proper overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

39. Mr. Vasquez and Mr. Martinez were each paid by check, but the checks that they received were business checks rather than payroll checks, and plaintiffs did not receive paystubs or wage statements with their pay.

40. The checks were originally issued by NS Luxury, but in or about early 2018, the checks began to have the name JC Transportation on them. Nothing else about plaintiffs' employment changed when the issuer of the checks changed.

41. Defendants failed to provide Mr. Vasquez or Mr. Martinez with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

42. Defendants failed to provide Mr. Vasquez or Mr. Martinez with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

43. Upon information and belief, while defendants employed Mr. Vasquez and Mr. Martinez, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

44. Upon information and belief, while defendants employed Mr. Vasquez and Mr. Martinez, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

45. Mr. Vasquez and Mr. Martinez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

46. At all relevant times, defendants employed Mr. Vasquez and Mr. Martinez within the meaning of the FLSA.

47. At all relevant times, defendants had a policy and practice of refusing to pay proper overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

48. As a result of defendants' willful failure to compensate their employees, including Mr. Vasquez and Mr. Martinez, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

50. Due to defendants' FLSA violations, Mr. Vasquez and Mr. Martinez are entitled to recover from defendants their

unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law - Overtime)

51. Mr. Vasquez and Mr. Martinez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Mr. Vasquez and Mr. Martinez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated the rights of Mr. Vasquez and Mr. Martinez by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

54. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

55. Due to defendants' New York Labor Law violations, Mr. Vasquez and Mr. Martinez are entitled to recover from defendants their unpaid overtime compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT III**

### **(New York Labor Law – Wage Theft Prevention Act)**

56. Mr. Vasquez and Mr. Martinez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Mr. Vasquez and Mr. Martinez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated the rights of Mr. Vasquez and Mr. Martinez by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

59. Defendants willfully violated the rights of Mr. Vasquez and Mr. Martinez by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

60. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, Mr. Vasquez and Mr. Martinez are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015

11

through the end of their employment, up to the maximum statutory damages.

61. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Vasquez and Mr. Martinez are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Vasquez and Mr. Martinez respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and postjudgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated:  October 24, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of NS Luxury Limousine, Ltd. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Jose Vásquez

Date: September 26, 2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of NS Luxury Limousine, Ltd. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Fernando Martinez

Date:  October 9, 2018