UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Vasquez et al.,

                Plaintiff,

–v–

NS Luxury Limousine Service Ltd. et al.,

                Defendants.

18-cv-10219 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiffs' unopposed Motion for Attorneys' Fees. Dkt. No. 103. For the reasons below, the motion is granted.

## I. Background

Plaintiffs filed this wage-and-hour case against Defendants on November 11, 2018, alleging violations of the Fair Labor Standards Act and the New York Labor Law. Complaint, Dkt. No. 1. On March 31, 2021, the Court granted summary judgment to Plaintiffs, denied Defendants' motion for summary judgment, and ordered Plaintiffs to make submissions regarding their entitlement to attorneys' fees and costs and prejudgment interest. Dkt. No. 101. Plaintiffs timely submitted their motion for attorneys' fees. Dkt. No. 103. Defendants did not oppose Plaintiffs' request.

## II. Attorneys' Fees

### A. Legal Standard

"Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL." *Francois v. Mazer*, 523 F. App'x 28, 29 (2d

1

Cir. 2013) (citing 29 U.S.C. § 216(b); NYLL §§ 198(l-a), 663(1)); *see also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014). The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees." NYLL § 198(l-a).

To determine the amount of attorney's fees that should be awarded, a court must calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Quiroz v. Luigi's Dolceria,* Inc., No. 14-CV-871 (VVP), 2016 WL 6311868, at *1 (E.D.N.Y. Oct. 28, 2016). "[T]he 'presumptively reasonable fee' . . . is generally arrived at by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Gortat v. Capala Brothers, Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The Court should also examine whether there are other "case-specific considerations" that warrant an adjustment. *See Arbor Hills*, 522 F.3d at 186; *Sevilla v. Nekasa Inc.*, No. 16-CV-2368 (AJP), 2017 WL 1185572, at *2 (S.D.N.Y. Mar. 30, 2017). Overall, a "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious [FLSA] case." *Sevilla,* 2017 WL 1185572, at *3 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 551-53 (2010)); *see also Gortat*, 621 F. App'x at 22; *Arbor Hills*, 522 F.3d at 190. "An application for attorneys fees in this Circuit must be accompanied by contemporaneous billing records for each attorney documenting the date, the hours expended, and the nature of the

work." *Quiroz*, 2016 WL 6311868, at *2 (citing *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)).

Plaintiffs have submitted contemporaneous billing records reflecting the work of two lawyers—David Stein (a partner) and David Nieporent (a senior associate). *See* Dkt. No. 105-1. The firm that represented Plaintiffs in this case, Samuel & Stein, billed hourly rates at $425 an hour for Mr. Stein, and $325 an hour for Mr. Nieporent. Dkt. No. 105 at 4. These records reflect that Plaintiffs' attorneys spent 106.8 hours on the case and billed, in total, $35,481.25, and incurred $1,867.23 in costs. *Id.* at 6. Defendants do not oppose any of Plaintiffs' motion for attorneys' fees and costs.

### B. The Hourly Rates are Reasonable

In calculating the presumptively reasonable fee, the Court should examine whether the hourly rates billed by Plaintiffs' counsel are reasonable. *See Gortat*, 621 F. App'x at 22. A "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hills*, 522 F.3d at 190. The Court concludes that the hourly rates are reasonable.

Courts in this Circuit have awarded Mr. Stein and Mr. Nieporent rates similar to those requested here. *See Medina Baca et al. v. NB General Construction Corp. et al.*, 20-cv-4701 (CS), Dkt. No. 18 (approving rates of $425 and $325 for Mr. Stein and Mr. Nieporent, respectively); *see also Severino v. 436 West LLC et al.*, 13-cv-3096 (VSB), Dkt. No. 80 at 6 (Apr. 19, 2018) (approving rates of $400 and $325 for Mr. Stein and Mr. Nieporent, respectively); *Perez-Luna v. Ageha Japanese Fusion, Inc. et al.*, No. 16-CV-6040 (AT), 2018 WL 8996336, at *2 (Sept. 28, 2018) (same); *Zhu v. Salaam Bombay, Inc. et al.*, No. 16-CV-4091 (JPO), 2019 WL 76706, at *2 (Jan. 2, 2019); (same); *Martinez et al. v. 2009 Bamkp Corp.*, No. 18-CV-7414 (GBD) (KNF), 2019 WL 7708607, at *6 (S.D.N.Y. Dec. 10, 2019), *report and recommendation adopted by* 2020 WL

3

409691 (S.D.N.Y. Jan. 23, 2020) (same); *Lopez et al. v. Ki Moon Restaurant, et al.*, No. 17-CV-6078 (LDH), 2021 WL 681710, at *3 (E.D.N.Y. Jan. 28, 2021), *report and recommendation adopted by* 2021 WL 681382 (E.D.N.Y. Feb. 22, 2021) (same). What's more, several courts have found $425 to be a reasonable rate for senior partners with similar experience to Mr. Stein. *See, e.g.*, *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *20 (S.D.N.Y. Sept. 8, 2016) (collecting cases). The Court finds that the attorneys' rates are reasonable.

### C. The Amount of Hours Expended Is Reasonable

Next, the Court analyzes "whether the amount of hours billed is reasonable." *Sevilla*, 2017 WL 1185572, at *6. "A court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours." *Quiroz*, 2016 WL 6311868, at *3 (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d. Cir. 1988)). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Sevilla,* 2017 WL 1185572, at *6 (citations and quotation marks omitted). Here, Plaintiffs seek reimbursement for 106.8 hours litigating this case. Dkt. No. 105 at 6. Mr. Stein worked for 26.6 hours on the case, and Mr. Nieporent worked for 80.2 hours. *See id.* The tasks completed by Plaintiffs' counsel include, *inter alia,* preparing the complaint, preparing and reviewing discovery, conducting depositions, engaging in settlement discussions, and briefing the parties' cross-motions for summary judgment. *See* Dkt. No. 105-1. Given all of this, the Court finds the requested hours reasonable. *See Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), Dkt. No. 101 at 7-9 (collecting cases with comparable tasks and approval of comparable attorneys' fees).

Finding the hourly rates and amount of hours billed reasonable, the Court awards Plaintiffs the requested attorneys' fees of $35,481.25.

### D. Reasonable Costs

Plaintiffs seek $1,867.23 in costs. Dkt. No. 105 at 6; Dkt. No. 105-2. These costs include a $400 filing fee, $340 in service fees, $1,018.50 in deposition fees, and $108.73 in travel fees. *See* Dkt. No. 105 at 6. The Court finds the requested costs reasonable and supported by the record. *See Tapia*, No. 14-CV-8529 (AJN), Dkt. No. 101 at 9; *Hernandez,* 2017 WL 66325, at *2; *Febus v. Guardian First Funding Group, LLC,* 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012).

The Court therefore concludes that Plaintiffs are entitled to $1,867.23 in costs and $35,481.25 in attorneys' fees.

### III. Prejudgment Interest

Under the NYLL, the Court must award prejudgment interest in addition to liquidated damages. NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages."); § 663(1) (same). The New York prejudgment interest rate applies. *McLean v. Garage Mgmt. Corp.*, No. 10-CV-3950 (DLC), 2012 WL 1358739, at *5 (S.D.N.Y. Apr. 19, 2012). Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. *Id.*

When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. *See McLean*, 2012 WL 1358739, at *11 ("prejudgment interest on the plaintiffs' NYLL unpaid overtime wage damages

5

shall be computed at a rate of nine (9) percent per annum from a single reasonable intermediate date"). Thus, prejudgment interest on Plaintiffs' back pay awards should be computed from the median of each relevant period to the date of judgment. For Plaintiff Vasquez, it should be calculated from February 24, 2017. And for Plaintiff Martinez it should be calculated from August 31, 2017. Dkt. No. 104 at 7-8.

## IV. Conclusion

For the foregoing reasons, the Court awards Plaintiffs $1,867.23 in costs and $35,481.25 in attorneys' fees. The Court awards prejudgment interest at the rate of nine percent (9%) per annum simple interest. For Plaintiff Vasquez, the prejudgment interest should be calculated from February 24, 2017. And for Plaintiff Martinez, the prejudgment interest should be calculated from August 31, 2017. Pursuant to the NYLL, the Court holds that "if any amounts [of damages awarded under the NYLL] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4). This resolves docket number 103. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: February 8, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

6